**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4426**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

CORY DESHAWN LINDSAY,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:08-cr-00216-FDW-1)

Submitted: December 17, 2010      Decided: January 13, 2011

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Susan S. Kister, St. Louis, Missouri, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, Mark A. Jones, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cory Deshawn Lindsay pled guilty pursuant to a plea agreement to possession with intent to distribute cocaine base "crack" (Count 1) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (2006) (Count 2). He was sentenced to 240 months of imprisonment on the drug charge and 120 months concurrently for the firearm violation. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issue: whether Lindsay received ineffective assistance of trial counsel.

Lindsay has failed to establish the demanding grounds needed to raise ineffective assistance of counsel at this juncture. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Rather, to allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.

2

We therefore affirm Lindsay's convictions and sentence. This court requires that counsel inform Lindsay, in writing, of the right to petition the Supreme Court of the United States for further review. If Lindsay requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lindsay.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED